**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| AMEEN MCNAIR | |
| Appellant | No. 1027 EDA 2016 |

Appeal from the Judgment of Sentence February 2, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006577-2009

BEFORE:  BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY RANSOM, J.:                     **FILED FEBRUARY 07, 2018**

Appellant, Ameen McNair, appeals from the judgment of sentence of five to ten years of incarceration, imposed February 2, 2016, following a revocation of probation hearing.  Additionally, Appellant's counsel, Richard H. Maurer, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 87 S. Ct. 1936 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm and grant counsel's petition to withdraw.

We adopt the following statement of facts from the trial court's opinion, which in turn is supported by the record.  ***See*** Trial Court Opinion (TCO), 5/24/16, at 1-3.  In December 2009, a jury convicted Appellant of robbery and criminal conspiracy for his involvement in the robbery of an elderly man.[1]

---

[1] ***See*** 18 Pa.C.S. § 3701(a)(1)(ii), 903(a)(1), respectively.

In February 2010, the court sentenced Appellant to three to six years of incarceration followed by two years of reporting probation. Appellant filed post-sentence motions, which were denied. Appellant timely appealed, and his judgment of sentence was affirmed. *See Commonwealth v. McNair*, 26 A.3d 1212 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 32 A.3d 1276 (Pa. 2011).

While on parole from the 2010 sentence, Appellant was arrested on new charges. In November 2015, a jury convicted Appellant of robbery. In January 2016, the court sentenced Appellant to ten to twenty years of incarceration.[2]

Appellant appeared before the court for violation of probation proceedings. Following a hearing, the court revoked Appellant's probation and resentenced him to five to ten years of incarceration consecutive to any other sentence Appellant was serving. Appellant filed a motion for reconsideration of his sentence, which the court denied.

Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[3] The court issued a responsive opinion.

---

[2] Appellant timely appealed his judgment of sentence; the pending appeal is docketed at 1570 EDA 2016.

[3] On March 18, 2016, Appellant untimely appealed to this Court. On March 21, 2016, Appellant filed a motion for reinstatement of his appellate rights *nunc pro tunc* in the lower court. On March 29, 2016, the lower court, treating the motion as a petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, granted the motion.

In June 2016, appellate counsel filed in this Court an **Anders** brief and application to withdraw as counsel. The brief sets forth two issues Appellant seeks to raise on appeal, namely that the lower court did not consider all relevant factors prior to imposing the VOP sentence and that the sentence was manifestly excessive and breached fundamental norms of sentencing. **See** Appellant's Brief at 11, 14. However, counsel failed to attach to his application a letter to Appellant informing him of his right to retain counsel or proceed *pro se* in the instant appeal.

On July 28, 2016, this Court issued an order directing that counsel comply with the requirements of **Anders**. Counsel was given ten days to comply. **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005) (opining that the prudent course is to require counsel to attach to the petition to withdraw a copy of the letter sent to the client advising him of his rights).

On June 1, 2017, this Court issued a second order directing that counsel comply with the requirements of **Anders**. That same day, counsel filed a response containing a letter advising Appellant of his right to retain counsel or proceed *pro se*, dated June 29, 2016.

On July 26, 2017, this Court issued a judgment ordering denying counsel's petition to withdraw, directing counsel's proper compliance with **Anders** and **Millisock**, and allowing Appellant an additional thirty days to respond. On July 28, 2017, counsel certified that he had sent Appellant an

*Anders*-compliant letter.  Appellant did not respond.  Accordingly, we address Appellant's brief.

When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw.  *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).  Prior to withdrawing as counsel on direct appeal under *Anders*, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Santiago*, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of

*Anders* and *Santiago*, only then may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In the instant matter, Attorney Maurer's *Anders* brief complies with the above-state requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to the portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He explains his reasoning and supports his rationale with citations to the record as well as pertinent legal authority. Attorney Maurer avers he has supplied Appellant with a copy of his *Anders* brief and a letter explaining the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. Thus, we may independently review the record to determine if the issues Appellant raises are frivolous and to ascertain if there are other non-frivolous issues he may pursue on appeal.

Appellant's issues challenge the discretionary aspect of his sentence and argues that the lower court did not adequately consider all relevant factors prior to imposing the VOP sentence, and that the sentence was manifestly excessive and breached fundamental norms of sentencing.

A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal. *See Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011); *see also* Pa.R.A.P.

2119(f). This Court conducts a four-part analysis to determine: (1) whether Appellant has timely filed a notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

Appellant timely filed a notice of appeal, preserved his issues in a motion for reconsideration, and counsel has provided this Court with the requisite notice to Appellant. Although counsel has not included the requisite Pa.R.A.P. 2119(f) statement in his *Anders* brief,

> [w]here counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous. In addition, a determination of what constitutes a substantial question must be evaluated on a case-by-case basis and such question exists only when an appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa. Super. 2016) (internal citations and quotations omitted). A claim that a sentence is manifestly excessive may raise a substantial question if Appellant's Pa.R.A.P. 2119(f) statement sufficiently articulates the manner in which the sentence

- 6 -

was inconsistent with the Code or contrary to its norms. ***Commonwealth v. Mouzon***, 812 A.2d 617, 627-28 (Pa. 2002).

In the lower court, Appellant argued that the court failed to consider his rehabilitative needs and failed to consider the extent to which he would be ready to make a positive financial contribution to the care of his family. ***See*** Appellant's Pa.R.A.P. 1925(b) Statement at ¶¶ 9-14. However, the allegation that the sentencing court did not consider certain mitigating factors, without more, does not raise a substantial question. ***See Commonwealth v. McNabb***, 819 A.2d 54, 57 (Pa. Super. 2003). Accordingly, Appellant's first issue does not raise a substantial question.

Appellant next claimed that the aggregate sentence was manifestly excessive and breached fundamental norms of sentencing, as the term of incarceration was not necessary for Appellant to avail himself of the rehabilitation options in prison, nor necessary to ensure the safety of the public. ***See*** Appellant's Pa.R.A.P. 1925(b) Statement at ¶¶ 15-16. We note that Appellant must still articulate the manner in which the sentence is inconsistent with the Code or contrary to its norms. ***Mouzon***, 812 A.2d at 627-28. Appellant does not identify a specific provision of the Code with which the sentence was inconsistent. Further, a claim the trial court failed to consider an appellant's rehabilitative needs also fails to raise a substantial question. ***See Commonwealth v. Cannon***, 54 A.2d 1222, 1228–29 (Pa. Super. 2008), *appeal denied,* 600 Pa. 743, 964 A.2d 893 (2009) (claim that

the trial court failed to consider the defendant's rehabilitative needs, age, and educational background did not present a substantial question);

Thus, we cannot conclude, based on the record, that the sentencing court in any other way imposed a harsh and excessive sentence that was disproportionate to the underlying violations and circumstances. **See Commonwealth v. Kalichak**, 943 A.2d 285, 292 (Pa. Super. 2008). The court appropriately considered all factors relevant to sentencing.

In short, we agree with Attorney Maurer that Appellant's two issues are frivolous. We have independently reviewed the record and find no other issues of arguable merit that he could pursue on appeal. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Petition to withdraw granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/18